## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.                                                                                **Case No. 1:23-CR-19**
                                                                                                                 **(Chief Judge Kleeh)**

**ROBERT DAVID SIMS, and**
**JOSHUA DAVID SINES,**

        **Defendants.**

## UNITED STATES' MOTION FOR A PROTECTIVE ORDER

Now comes the United States of America and William Ihlenfeld, United States Attorney for the Northern District of West Virginia, by Brandon S. Flower, Assistant United States Attorney, and pursuant to Fed. R. Crim. Pro 16(d)(1) and Rule 16.09 of the Local Rules of Criminal Procedure moves the court to enter a protective order prohibiting the defendants' defense teams from providing the defendants with copies of any discovery in this matter containing the memorialization of any statement made by any inmate witness or any documentation concerning any inmate witness, as described below, that may be retained by the defendants. In addition, the United States requests that the protective order also include documents relating to inmates' central files, photographs of the victim's injuries, the victim's medical records, and documents that relate to the security and safety of BOP institutions. The following is stated in support of this motion.

1. The Grand Jury sitting in Clarksburg, West Virginia, returned the instant two-count indictment against the defendants on May 2, 2023.

2. The allegations in the indictment arise from an investigation into the alleged assault of B.C., an inmate at United States Penitentiary Hazelton, by the defendants on March 21, 2019.

3. Investigators interviewed numerous witnesses during the course of the investigation, including inmates at USP Hazelton. Inmates in the custody of the Bureau of

Prisons, particularly at federal penitentiaries, are reluctant to cooperate in investigations of criminal activity in prisons because they do not want to be labeled as a "rat." An inmate's safety can be placed at risk if it is disclosed that they even spoke with law enforcement regarding criminal activity.

4. Merely because an inmate is not incarcerated at USP Hazelton does not ensure their safety. Although some of the witnesses involved in this matter are no longer incarcerated at USP Hazelton, inmates and staff can readily share information throughout the Bureau of Prisons system.

5. The United States' request is based upon a concern for the safety of the inmate witnesses, including the victim, involved in this matter.

6. The United States will also provide the defendants with documents contained in the victim's central inmate file, and possibly other inmates' central inmate files. The information contained in those files often relates to the security and orderly operation of the BOP institutions, safety of inmates, and private information about inmates. The BOP does not permit inmates to possess documents from the central inmate files or those that relate to the security and orderly operation of institutions. Further, the discovery contains photographs of the victim's injuries and his medical records. Such documentation raises concerns for privacy rights. Further, it is not necessary for the defendants to possess photographs depicting injuries of a BOP inmate. The dissemination of these categories of information raises concerns for safety and the orderly operation within BOP institutions.

7. Further, if any later-disclosed discovery would fall into the categories described above, the United States would seek to have those documents covered by the protective order.

8. For the purpose of this motion, the defendants' defense teams include counsel, paralegals, investigators, and expert consultants.

9. Counsel for defendants do not object to the proposed Protective Order. The defendants specifically reserve the right to raise objections and/or to request amendments to the Protective Order after further consultation with government counsel.

Wherefore, the United States requests that the court enter an order prohibiting the defendants' defense teams from providing the defendants with copies of any discovery in this matter containing the memorialization of any statement made by any inmate witness or any documentation concerning any inmate witness, as described above, that may be retained by the defendants. The United States also requests an order prohibiting the defendants' defense teams from providing the defendants with documents from any inmates' central inmate file, photographs of the victim's injuries or medical records, and documents relating to the security and operation of BOP institutions. The order requested by this motion should specifically prohibit the use of indirect or alternative methods of introducing the materials into the penitentiary or any correctional or detention facility, such as use of the United States mail or third parties. Further, the order should extend to any discovery documents that fall within the categories described-above that have not been identified or that are disclosed at a later date. The order shall not prohibit the defendants' defense teams from reviewing the protected discovery with the defendants, but merely providing the defendants with copies of the protected discovery. Accordingly, the United States urges the court to enter the requested order without the necessity of a hearing. In the alternative, the United States requests that the court enter a temporary order prohibiting defendants' defense

teams from providing the defendants with copies of above-described discovery until this matter can be addressed by the court at a hearing on the record.

          Respectfully submitted,

          WILLIAM IHLENFELD,
          United States Attorney

By:    /s/    Brandon S/ Flower
       Brandon S. Flower, WVSB #9338
       Assistant United States Attorney
       United States Attorney's Office
       320 W. Pike Street, Suite 300
       Clarksburg, WV 26301-2710
       Phone number - (304) 623-7030
       Facsimile number - (304) 234-0110
       Brandon.flower@usdoj.gov

## CERTIFICATE OF SERVICE

I, Brandon S. Flower, certify that on May 31, 2023, I electronically filed the foregoing **UNITED STATES' MOTION FOR A PROTECTIVE ORDER** with the Clerk using the CM/ECF system, which will send notification of such filing to counsel for the defendants.

          /s/    Brandon S. Flower
       Brandon S. Flower, WVSB #9338
       Assistant United States Attorney
       United States Attorney's Office
       320 W. Pike Street, Suite 300
       Clarksburg, WV 26301-2710
       Phone number - (304) 623-7030
       Facsimile number - (304) 234-0110
       Brandon.flower@usdoj.gov